United States District Court
For the Northern District of California

**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANIEL PINA,

    Plaintiff,

vs.

JOE McGRATH, Warden, Pelican Bay State Prison; JEANNE S. WOODFORD, Director, California Department of Corrections; EDWARD ALAMEIDA, former Director, CDC; and CALVIN TERHUNE, former Director, CDC, in their individual and official capacities; and DOES 1-50,

    Defendants.

No. C 03-2715 PJH

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

    This is a civil rights case filed pro se by a state prisoner. Defendants have moved for summary judgment, plaintiff has opposed the motion, and defendants have filed a reply. Plaintiff has also filed several motions, including his own motion for summary judgment. Defendants have opposed that motion in their reply. The motions are ready for decision.

**DISCUSSION**

**A.    Defendants' motion to submit documents under seal**

    Defendants' motion to submit confidential documents under seal is granted.

**B.    Plaintiff's motions**

    Plaintiff has moved for appointment of counsel.

    There is no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). 28 U.S.C. § 1915 confers on a district court only the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). This does not give the courts the power to make "coercive

appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).

The court may ask counsel to represent an indigent litigant under § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). In this case plaintiff is fully able to articulate his claims, and for the reasons discussed below, no amount of advocacy can remedy the fact that they have no merit. The motion for appointment of counsel is denied.

Plaintiff's motion for an extension of time to file his opposition is granted and the opposition is deemed timely.

**C.    Motion for summary judgment**

   **1.    Standard of Review**

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986); *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Id.*

### 2. Analysis

Plaintiff is in the Security Housing Unit ("SHU") at Pelican Bay because he has been "validated" as being a gang member. Defendants conduct periodic reviews to determine if such prisoners should be retained in the SHU. Plaintiff contends that the prison does not determine at these reviews if he is still an "active member" of the gang. He further contends and that the regulations adopted by the current and former directors of the Department of Corrections do not require such a determination, even though it is required by due process and was also required by this court in another similar case involving retention in segregation at another prison. *See Toussaint v. Rowland*, 711 F. Supp. 536, 540 (N.D. Cal. 1989), *affirmed in part, reversed in part sub nom Toussaint v. McCarthy*, 926 F.2d 800 (9th Cir. 1991). He requests a declaratory judgment, nominal damages, and an injunction if the declaratory ruling "is not followed in six months."

As grounds for summary judgment, defendants assert that plaintiff's request for injunctive relief is moot, that they do in fact determine whether plaintiff is an active gang member at his periodic reviews, that they were not personally involved in his reviews, and that they are entitled to qualified immunity. Plaintiff concedes there are no genuine issues of material fact, but contends that on the undisputed facts he is entitled to judgment as a matter of law.

#### a. Mootness

Defendants contend that plaintiff's injunctive relief claim is mooted by the settlement and consent decree in *Castillo v. Alameida*, No. C 94-2847 MJJ (N.D. Cal. Nov. 18, 2004). Their motion to take judicial notice of the stipulation and order of dismissal will be granted.

The jurisdiction of federal courts depends on the existence of a "case or controversy" under Article III of the Constitution. *PUC v. FERC*, 100 F.3d 1451, 1458 (9th Cir. 1996). Whereas standing is evaluated by the facts that existed when the complaint was filed, mootness inquiries require courts to look to changing circumstances that arise after the complaint is filed. *ACLU v. Heller*, 471 F.3d 1010, 1016 (9th Cir. 2006). A claim is considered moot if it has lost its character as a present, live controversy, and if no effective

3

relief can be granted: "Where the question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint, no justiciable controversy is presented." *Flast v. Cohen*, 392 U.S. 83, 95 (1968).  Where injunctive relief is involved, questions of mootness are determined in light of the present circumstances.  *Mitchell v. Dupnik*, 75 F.3d 517, 528 (9th Cir. 1996).

      The *Castillo* case settlement contains a requirement that prison authorities determine at each SHU review whether the inmate is a "currently active" gang member. Defs.' Req. for Judicial Notice, exh. A, settlement agreement at 7.  It thus would seem to moot plaintiff's claim that whether he is currently active should be decided in each periodic review, but although that is how he phrases his claim, it is not really what he means. Plaintiff's contention is not really that authorities should determine if the SHU prisoner is an active gang member at each review, but rather that the determination should be based on new evidence, rather than relying on information up to six years old.  *See* Pltf.'s Opp. at I; *id.* at (unnumbered) 8.  Although he phrases his claim in terms of a due process right for prison authorities to determine whether he is currently active, they in fact have made that determination at the periodic reviews.  The problem, from his point of view, is that the regulations allow the "currently active" designation to last six years, so each review for six years after that determination is made can be based on the original determination.

      Because this is still the case – the six-year rule was in fact approved in *Castillo* – this case is not moot.

      **b.    Due Process**

      Defendants assert that plaintiff's current active gang status was determined at his periodic reviews, that there was "some evidence" to support the conclusion that he was an active gang member, and that they were not involved in the periodic reviews, so cannot be liable.

      **1.    Active gang member determination**

      As discussed above, the regulations allow the "currently active" designation to last six years, so each review for six years after that determination is made can be based on

4

the original determination.[1] Plaintiff contends that due process requires that there be a determination whether he is a "currently active" gang member based on current evidence at each periodic review of his SHU status, and that this was not done. He contends that defendants were responsible for this because they failed to adopt regulations conforming to what he contends due process requires.

This is a substantive due process argument, rather than being about procedural due process, because plaintiff is contending that he may not be retained in segregation unless defendants show that he meets certain criteria, not that they must employ particular constitutionally-required processes in deciding whether he meets whatever criteria they adopt. It is about *what* is decided, rather than *how* it is decided. Substantive due process defines something the state may not do at all, regardless of how much process it affords. *County of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998). That is the type of argument plaintiff makes in this case, that the state may not retain a prisoner in segregation on grounds he is a gang member unless he is shown to be currently active.

Substantive due process must be expanded only with the greatest care and its protection is primarily reserved for liberties deeply rooted in the nation's history and tradition. *See Doe v. Tandeske*, 361 F.3d 594, 597 (9th Cir. 2004) (per curiam) (persons who have been convicted of serious sex offenses do not have a fundamental right to be free from the registration and notice requirements set forth in Alaska statute). When the government action being challenged does not impinge on fundamental rights, to establish a substantive due process violation the plaintiff must prove that the government's action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare. *See  Euclid v. Ambler Realty Co.*, 272 U.S. 365, 395 (1926); *cf. Tandeske*, 361 F.3d at 596-97 (because sex offenders do not have a fundamental right to be free from statutory registration and notification requirements,

---

[1] In plaintiff's case the determination was made in 2000, Young decl., exh. I at 114-16, then made again in 2004 when additional information of his gang activity was found, *id.,* exh. K at 163.

Alaska statute did not violate due process where it had a "reasonable relation" to the "legitimate state interests" of public safety and preventing recidivism).

In this case plaintiff has not established that a prisoner has a fundamental right not to be housed in segregation, as opposed to another area of the prison, and the court has found no authority to that effect. This is not surprising, as such a right is not a liberty "deeply rooted in the nation's history and tradition." *See id.* at 597. Therefore, to show that there is a substantive due process right to be held in the SHU because of gang membership only upon a showing of current gang activity, plaintiff must show that keeping him in the SHU without such a showing at the periodic reviews is "arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare." *See Euclid*, 272 U.S. 365 at 395.

Plaintiff relies heavily on the *Toussaint* line of cases, but those cases involve only San Quentin and Folsom prisons, so the decisions there do not apply directly to Pelican Bay. *See Toussaint v. McCarthy*, 801 F.2d at 1085. The *Toussaint* cases are instructive to the extent they define the constitutional rights of prisoners who are placed in or retained in administrative segregation, but it is important in considering these cases to distinguish between the remedies for unconstitutional actions, which would include the district court's requirement in its injunction that an inmate be a "currently active" gang member, *see Toussaint v. Rowland*, 711 F. Supp. at 541 n.15, and the minimum requirements of the Constitution. "[A] federal court may order relief that the Constitution would not of its own force initially require if such relief is necessary to remedy a constitutional violation." *Id.* at 1087.

In *Toussaint v. McCarthy* the court of appeal approved what it referred to as "substantive" requirements adopted by the district court for use at the periodic reviews. 801 F.2d at 1101-02. These requirements were that "a prisoner not be placed or retained in segregation unless allowing the prisoner to remain in the general population would severely endanger the lives of prisoners, the security of the institution, or the integrity of an investigation into suspected criminal activity or serious misconduct." *Id.* at 1101. Because

6

of the posture in which the case reached the circuit – an appeal of the district court's permanent injunction – the issue was whether the district court abused its discretion in requiring such standards as a remedy for unconstitutional conduct. *See id.* at 1087. As discussed above, remedies imposed for constitutional violations need not themselves be constitutional requirements, so the substantive standard above for retention in segregation is not necessarily what is required by the Constitution, but although these substantive requirements may be more than the Constitution requires, they cannot be less, because if they were they would not remedy the constitutional violation. That is, holding a prisoner in the SHU when he meets those standards unquestionably is *not* "arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare," the *Euclid* standard discussed above, and thus not a substantive due process violation.

The courts owe great deference to the expert decisions of administrators engaged in the difficult task of running prisons. "Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government. Prison administration is, moreover, a task that has been committed to the responsibility of those branches, and separation of powers concerns counsel a policy of judicial restraint." *Turner v. Safley*, 482 U.S. 78, 84-85 (1987). Defendants, or their successors, are entitled to define "currently active" in light of their experience with prison gangs and their knowledge of how frequently information that a given prisoner is a gang member is likely to turn up. Given this, and the obvious difficulty of obtaining frequent evidence of gang activity, evidence that the prisoner was an active member of the gang within the last six years is sufficient to meet the substantive standards approved in *Toussaint*, and his retention in the SHU does not violate substantive due process.[2]

---

[2] A determination that the prisoner is "currently active" is not required by the Constitution, though as noted above it has been adopted by consent in the *Castillo* settlement – along with a definition of "currently active" that permits the determination of gang

7

Plaintiff also contends that the six-year rule has made the periodic reviews meaningless, arguably a procedural due process claim. As the United States Supreme Court has said in regard to administrative segregation:

> Prison officials must engage in some sort of periodic review of the confinement of such inmates. This review will not necessarily require that prison officials permit the submission of any additional evidence or statements. The decision whether a prisoner remains a security risk will be based on facts relating to a particular prisoner-which will have been ascertained when determining to confine the inmate to administrative segregation-and on the official's general knowledge of prison conditions and tensions, which are singularly unsuited for 'proof' in any highly structured manner.

*Toussaint v. McCarthy*, 801 F.2d at 1101 (quoting *Hewitt v. Helms,* 459 U.S. 460, 477 n. 9 (1983). That is, the reviews are not necessarily intended to take new evidence or even to focus on the prisoner's characteristics, but rather allow the authorities to consider whether circumstances in the prison make it no longer necessary to segregate the prisoner. Thus the fact that at each periodic review during a six year period a prisoner may be treated as a currently active gang member without new evidence does not in itself make the review a meaningless sham.

Defendants are correct that there is no genuine issue of material fact and that they are entitled to judgment on this claim as a matter of law.

### 2. "Some evidence"

It is not entirely clear that plaintiff's amended complaint actually contains a claim that his retention in the SHU is not supported by some evidence, but defendants address it in their motion and plaintiff responds in his opposition.

Having determined that a definition of "currently active" that is based on information as old as six years, the court finds the resolution of this issue is obvious. Plaintiff's record contains a volume of gang-related information, which is more than sufficient to support his SHU confinement.

//

---

membership to be as much as six years old and still constitute being "currently active."

### 3. Personal involvement and qualified immunity

Because the court has concluded that summary judgment must be granted on defendants' contention that plaintiff's due process rights were not violated, these grounds for the motion for summary judgment need not be reached.

**D.   Plaintiff's motion for summary judgment**

For the reasons set out in the above discussion of defendants' motion for summary judgment, plaintiff's motion must be denied.

## CONCLUSION

1. Defendants' motions to take judicial notice of the *Castillo* settlement (document number 39 on the docket) and to file confidential documents under seal (document number 40) are **GRANTED**. The clerk shall file the documents under seal pursuant to Local Rule 79-5(b) and so note on the docket.

2. Plaintiff's motion for appointment of counsel (document 45) is **DENIED**. His motion for an extension of time to oppose the motion for summary judgment (document 48) is **GRANTED**; the opposition is deemed timely.

3. Defendants' motion for summary judgment (document 37) is **GRANTED**. Plaintiff's motion for summary judgment (document 50) is **DENIED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: March 29, 2007.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.03\PINA715.SJ

9